# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BASHAR J. ALHAJJAR,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>Agency. | DOCKET NUMBER<br>SF-0752-14-0025-C-1<br><br><br>DATE: April 5, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Bashar J. Alhajjar, El Cajon, California, pro se.

Janet W. Muller, Chula Vista, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1   The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant appealed his removal from the GS-13 position of Program Manager, and the administrative judge issued an initial decision reversing the agency's action, finding that the agency had not afforded the appellant due process. *Alhajjar v. Department of Homeland Security*, Initial Appeal File (IAF), Tab 32, Initial Decision (ID); Compliance File (CF), Tab 10; Compliance Initial Decision (CID) at 2. In the initial decision, the administrative judge did not reach the merits of the removal action. ID. The initial decision became the final decision of the Board when neither party petitioned for review. CID at 2.

¶3 The appellant filed a petition for enforcement contending that the agency did not make appropriate adjustments to his Thrift Savings Plan, improperly deducted a lump sum from his back pay for restoration of his annual leave, and did not allow him to enroll in health insurance. CF, Tab 1. Based on the record, the administrative judge found that, although the agency was not in compliance with the final decision when the appellant filed his petition for enforcement, he had not rebutted the agency's evidence of its eventual compliance. CID at 3. The compliance initial decision, issued on September 2, 2015, stated that it would become final on October 7, 2015, unless either party filed a petition for review by that date. CID at 4.

¶4 On October 20, 2015, the appellant filed an apparently untimely petition for review. Petition for Review (PFR) File, Tab 1. In his petition, he states that he learned on October 19, 2015, that he was to undergo a periodic reinvestigation, which would require him to complete the Office of Personnel Management's Questionnaire for Public Trust Positions. *Id*. He believes that this periodic reinvestigation may be the start of another removal action by the agency. *Id*. The Clerk of the Board acknowledged the appellant's petition, and afforded him the opportunity to file a Motion to Accept Filing as Timely or to Waive Time Limit. PFR File, Tab 2. The agency filed a response to the petition for review and the

appellant filed a motion requesting that the Board waive the time limit for good cause. PFR File, Tabs 3-4.

## ANALYSIS

¶5    To be timely, a petition for review must be filed within 35 days after the initial decision was issued or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date it was received. 5 C.F.R. § 1201.114(d). Here, the appellant does not allege that he received the compliance initial decision more than 5 days after its issuance date, and he did not file his petition for review until October 20, 2015. PFR File, Tab 1. Thus, the petition for review was filed 13 days late.

¶6    The Board will waive its time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(f). To establish good cause for the untimely filing of a petition for review, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for review. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7    At issue here is the reasonableness of the appellant's excuse for his delayed filing. As noted, his explanation for the delay is the agency's initiating a periodic background investigation. In his petition and his motion to waive the time limit, he admits being aware that the compliance initial decision became final on October 7, 2015. PFR File, Tab 1 at 3, Tab 4. However, he did not file the

petition until learning that the agency was initiating a background investigation. The agency's investigation, though, is unrelated to the issues in the appellant's petition for enforcement, and his learning of the investigation does not constitute a reasonable excuse for his 13‑day delay in filing. To the extent that the appellant alleges that learning of a periodic reinvestigation is new evidence that excuses his untimeliness, we also decline to excuse his untimeliness on this basis. Such evidence does not warrant a different outcome in his petition for enforcement. *See Young v. Department of the Interior*, 76 M.S.P.R. 501, 503 (1997) (determining that the discovery of new evidence, without more, does not excuse the untimely filing of a petition for review; rather, the evidence must be of sufficient weight to warrant a different outcome). Thus, we dismiss the petition for review as untimely filed with no showing of good cause for the delay. *See* 5 C.F.R. § 1201.114(f).

¶8      This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The compliance initial decision remains the final decision of the Board regarding the issues raised in the appellant's petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.